**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 21-cr-290-RMR

UNITED STATES OF AMERICA,
Plaintiff,

v.

SADARION LAMAR WASHINGTON,
Defendant.

---

## MOTION FOR COMPETENCY EXAMINATION

---

Counsel for Mr. Washington believes that Mr. Washington is presently suffering from a mental disease or defect rendering him unable to assist properly and rationally in his defense. Since counsel holds this belief, counsel is requesting that the Court order a competency evaluation as permitted by 18 U.S.C. § 4241.

<u>Mr. Washington and the Government Have Been Advised</u>

Mr. Washington is aware that this motion is being filed. He does not object.

The government has been advised of this motion and does not object. But the government would object to the evaluation being conducted by someone other than BOP staff.

<u>Legal Standard</u>

Due process requires that a defendant be competent during a criminal proceeding. *Medina v. California*, 505 U.S. 437, 448 (1992). The standard for

1

competence to stand trial is whether the defendant has "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding Band whether he has a rational as well as factual understanding of the proceedings against him.'" *Drope v. Missouri*, 420 U.S. 162, 171 (1975). An inquiry into defendant's competency to stand trial must be made whenever there is reasonable cause to believe that defendant is incompetent, and the first step in such inquiry is and examination of the defendant by a psychiatrist.  *United States v. Marshal,* 458 F2d.446 (2d Cir. 1972).

Under 18 U.S.C. § 4241, counsel may file a motion for a hearing to determine the mental competency of the defendant. This section sets forth a "reasonable cause" standard such that, if met, the Court must grant the motion or order a competency hearing in accordance with 18 U.S.C. § 4247(d). In making its decision, the Court must determine "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §4241(a). 18 U.S.C. §4241(a) makes clear that the hearing is mandatory. *See United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995) ("The district court must *sua sponte* order a competency hearing if reasonable cause is demonstrated."); *United States v. White*, 887 F.2d 705, 710 (6th Cir. 1989) ("[T]he provision for a hearing is mandatory upon a determination of reasonable cause to believe that the defendant is incompetent to stand trial."). "Indeed, under the federal statute, the district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is 'reasonable cause to believe' that the defendant is incompetent to stand trial. Likewise, failure to

2

order a hearing when the evidence raises a sufficient doubt as to a defendant's competence to stand trial deprives a defendant of due process of law." *White*, 887 F.2d at 709 (*citing Pate v. Robinson*, 383 U.S. 375, 385 (1966)).

"[I]t is not enough for the district judge to find that the defendant (is) oriented to time and place and (has) some recollection of events, but the test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960) (internal quotation omitted).

Reaffirming *Dusky*, the Supreme Court in *Godinez v. Moran*, 509 U.S. 389, 402 (1993), reasoned that "[r]equiring  a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel." This fundamental goal means that, "[f]or the defendant, the consequences of an erroneous determination of competence are dire. Because he lacks the ability to communicate effectively with counsel, he may be unable to exercise other 'rights deemed essential to a fair trial.'" *Cooper v. Oklahoma*, 517 U.S. 348, 364 (1996) (quoting *Riggins v. Nevada*, 504 U.S. 127, 139 (1992) (Kennedy, J., concurring in judgment)).

So cardinal is this "modest aim" to a defendant's constitutional rights that the Supreme Court has held that requiring a defendant to show he was incompetent by clear and convincing evidence was unconstitutional because that standard failed to "'jealously guard' . . . an incompetent criminal defendant's fundamental right not to stand trial." *Cooper*, 517 U.S. at 363 (quoting *Jacob v. New York City*, 315 U.S. 752, 752-53

(1942)). In so holding, the Court reasoned that this fundamental right outweighs the

government's interest "in the prompt disposition of criminal charges" and its interest "in

the efficient operation of its criminal justice system." *Cooper*, 517 U.S. at 367.

Consequently, it held that requiring a defendant to meet the burden of proving his

incompetency to a "preponderance of the evidence" was constitutionally appropriate. Id.

at 355, 362 (noting that "Congress has directed that the accused in a federal

prosecution must prove incompetence by a preponderance of the evidence.).

Application

      Counsel, along with the legal team representing Mr. Washington, has gathered

information that indicates that Mr. Washington has previously been treated for

psychiatric/psychological conditions. Mr. Washington is, under information and belief,

receiving psychotropic medication while detained at FDC.

      The information obtained by counsel and Mr. Washington's legal team, coupled

with counsel's visits with Mr. Washington, have caused counsel to conclude that Mr.

Washington requires a competency evaluation before this case can continue. In

particular, counsel does not believe that Mr. Washington has the ability to consult with

counsel with a reasonable degree of rational understanding, and that he lacks a rational

as well as factual understanding of the proceedings against him.

      Counsel is able to advise the Court of additional information, in an *ex parte*

hearing, if the Court desires. But this motion is not filed lightly and is the result of

several meetings with Mr. Washington and his legal team. *See Medina v. California*, 505

U.S. 437, 450 (1992) ("[D]efense counsel will often have the best-informed view of the

defendant's ability to participate in his defense"); *Drope*, 420 U.S. at 177 n.13

(recognizing the importance of considering counsel's judgment about the defendant's state of mind).

<u>Requests</u>

Counsel requests the following:

1. Counsel requests the Court order a competency evaluation of Mr. Washington.

2. Counsel requests that the order prohibit the expert from questioning Mr. Washington about the offense, his activities before and after the offense, his medical history that is unrelated to psychiatric or psychological conditions/issues, his employment record, his criminal history, any prior bad acts, and any other area which does not directly concern competency.

3. Counsel requests that the expert specify the observations made of Mr. Washington and detail the type of examination made of Mr. Washington, as well as the expert's opinion on the ultimate issue of competency.

4. Counsel requests a copy of the evaluation upon completion.

5. If psychotropic drugs are to be used during the competency evaluation, counsel requests that the Court and the parties be notified in order for counsel to consult with Mr. Washington. In *Sell v. U.S.*, 539 U.S. 166, 123 S.Ct. 2174 (2003) the Supreme Court held that the Due Process clause of the Fifth Amendment permits involuntary administration of antipsychotic drugs to a mentally ill defendant facing serious charges in order to render the defendant competent only if the treatment is medically appropriate, is substantially unlikely to have side effect that may undermine the fairness of a trial and, taking account of of less intrusive

5

alternatives, is necessary significantly to further important governmental trial

related interests.


For the reasons indicated in this motion, Counsel for Mr. Washington requests the

Court Order a competency evaluation for Mr. Washington and for the specific requests

outlined.


/s/ Miller Leonard
Attorney for
Defendant CO Reg.
# 41029
14143 Denver West Pkwy, Suite
100
Golden, CO 80401
720-613-8783 Phone
303-907-9516 Cellular
Phone
millermleonard@gmail.com


DATED at Denver, Colorado, March 31, 2022.


## CERTIFICATE OF SERVICE

I hereby certify that this Motion was delivered, via the ECF system for the District of
Colorado to all parties, March 31, 2022.

/s/ Miller Leonard